FIRST DEPARTMENT, OCTOBER, 1979

(October 2, 1979)

■ In the Matter of JOHN T. O'HAGAN, Respondent, v BOARD OF TRUST-EES OF THE NEW YORK CITY FIRE DEPARTMENT PENSION FUND, ARTICLE 1-B, et al., Appellants.—Disposition of appeal from the judgment of the Supreme Court, New York County, entered November 29, 1978, directing the board of trustees to grant petitioner's application for accident disability pension, held in abeyance pending receipt of a report from Trial Term which is directed to conduct a hearing forthwith, before another Justice, on the issue of whether any of the trustees should be disqualified because they denied petitioner's application for reasons of bias or duress. The article 1-B medical board recommended that petitioner O'Hagan's application for an accident disability pension be granted. However, the article 1-B board of trustees unanimously denied his application. The court at Special Term, finding that the petitioner was clearly entitled to an accident disability pension, directed the board of trustees to grant him that relief. Among the various issues raised upon appeal, we find that one is of initial concern. Conflicting evidence was presented in the papers submitted at Special Term as to whether certain trustees were motivated by bias or acted under duress in voting against petitioner's application. In particular, we note that petitioner adduced evidence suggesting that Trustee Jennings may have threatened other trustees with removal from that board if they voted for the application. Petitioner also introduced documentation tending to indicate that Trustee Golden may have unfairly prejudged petitioner's application in the press. Since Jennings and the other trustees denied any wrongdoing, the court at Special Term should not have decided on the basis of the papers alone that "the handling of the O'Hagan application by the Board of Trustees was permeated with irregular and prejudicial conduct on the part of certain of the Trustees before, during and subsequent to the hearing". We direct that a hearing be held forthwith by another Justice sitting at Trial Term on the issue of whether any of the trustees should be disqualified because they denied petitioner's application for reasons of bias or duress. (CPLR 7804, subd [h]; *Matter of Newbrand v City of Yonkers,* 285 NY 164, 178). The remaining issues raised on appeal will be held in abeyance pending the receipt of Trial Term's report. Concur—Murphy, P. J., Birns, Bloom, Marke-wich and Silverman, JJ.